

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-4156
Re:  County Judge's commission
under Article 3926, Vernon's
Annotated Civil Statutes.

We have received your letter of recent date requesting our opinion upon the above stated question.

Your letter reads in part as follows:

"We have a problem confronting the County Clerk's office as to whether or not the County Judge is entitled to commissions as listed under Article 3926, Item I, where the income of one probate case is derived from an interlocking probate case.

"Our problem is as follows:

"Pending in the probate court of Nueces County there is an administration of a deceased person, whose estate consists of large tracts of land, upon which there is considerable income derived from oil and gas. The rents and royalties are collected by the administrator and credited to the estate, as reflected by the annual accounting.

"Also pending in said court is a guardianship of the children of such deceased person. The guardian in this case is the same as the administrator in the above case. Money on hand in the administration is transferred to the guardianship. The guardianship also has additional income derived from interest on notes and other obligations.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"As there are two separate and distinct cases pending before the court, should the commission be charged on the income of both estates, or should the total income of the administration and only the additional income, (other than amounts transferred from the administration to the guardianship) be collected in the guardianship?

"The last clause of the above quoted statute, has been construed by the county clerk's office as meaning that where money is invested, collected and re-invested, that the commission is only chargeable against the interest received and not against the principal collected."

The administrator and the guardian referred to in your letter are required to present to the probate court in an exhibit of accounting, under oath, all sums in cash derived from sales, collections and like sources in due course of administration.

The probate judge is required to examine and approve all such exhibits of accounting when duly presented to him by such administrator and guardian.

Article 3926, Vernon's Annotated Civil Statutes, reads in part as follows:

"The county judge shall also receive the following fees:

"1. A commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any amount received by any such executor, administrator or guardian.

". . ."

The above quoted act clearly has in view the providing of compensation of the probate judge for his official control of estates based on the "actual cash receipts" of each executor, administrator or guardian as the case might be,

shown by the exhibits and the final settlement of the account
of such executor, administrator or guardian. "Actual cash
receipts" specifically describe money received by the execu-
tor, administrator or guardian, other than cash of the estate
which was on hand when the testator died. Willis v. Harvey,
26 S. W. (2d) 288.

The Supreme Court of Texas adopted the judgment of
the Commission of Appeals in the case of Goodwin v. Downs,
280 S. W. 512, wherein it was held that the county judge is
entitled to a commission upon money received by a personal
representative in the fulfillment of a road construction
contract of the deceased, even though most of the money was
disbursed by the representative. We quote from the Goodwin
case, supra, as follows:

> "The county judge has only one way to re-
> ceive any compensation for his supervision of an
> administration. His responsibility is great.
> He must study the reports and approve the ac-
> counts, including receipts and disbursements.
> The Legislature fixed this definite method of
> computing his fees. It will not be assumed that
> the Legislature intended to do an unreasonable
> or absurd thing. But we see no reason to amend
> or limit this article upon either of such hypo-
> theses. There is nothing in the history of this
> act (the court is speaking of Article 3850,
> Revised Civil Statutes, 1911, which is now
> Article 3926, Vernon's Annotated Civil Statutes)
> which shows that the Legislature had any excep-
> tion in mind. . . .

> ". . . We see no reason for not allowing
> the county judge what the statute in clear and
> unmistakeable language gives him. We do not
> believe it is in any wise unreasonable."

Also, see Von Koenneritz v. Ziller, 245 S. W. 423;
Grice v. Cooley, 179 S. W. 1098; Lyles v. Oheim, 142 S. W. (2d)
959.

The mere fact that the administrator in the one
case referred to by you in your letter is the guardian in
the second case referred to does not alter the fact that these
are two separate and distinct cases pending before the court,
the administration of each of which requires the supervision

of the county judge. As pointed out in the Goodwin case, supra, the Legislature, in enacting said Article 3926, made no exception to the definite method of computing the fees of the county judge for his supervision of an administration.

Therefore, you are respectfully advised that it is the opinion of this department, in answer to your question, that the county judge is entitled to his commission on the income of both estates.

Trusting that the foregoing answers your inquiry, we remain

APPROVED JAN 1942

ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By D. Burle Daviss

D. Burle Daviss
Assistant

DBD:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN